## IN THE UNITED STATES DISTRICT COURT FOR
## THE NORTHERN DISTRICT OF FLORIDA
## PENSACOLA DIVISION

**MARCUS TYRONE BROADNAX,**

**Petitioner,**

**v.**                                           **Case No. 3:17cv367-MCR/CAS**

**JULIE L. JONES,**

**Respondent.**

_____/

## <u>REPORT AND RECOMMENDATION TO DENY § 2254 PETITION</u>

On February 1, 2017, Petitioner Marcus Tyrone Broadnax,

proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28

U.S.C. § 2254.  ECF No. 1.  On March 30, 2018, Respondent filed a motion

to dismiss, with exhibits.  ECF No. 17.  Petitioner filed a reply on June 12,

2018.  ECF No. 24.  On June 18, 2018, the undersigned entered an

amended Report and Recommendation that the motion to dismiss be

denied.  ECF No. 25.  By order on July 18, 2018, the district judge adopted

the Report and Recommendation, denied the motion to dismiss, and

directed Respondent to file an answer.  ECF No. 28.  Respondent filed an

answer on June 29, 2018.  ECF No. 27.  Petitioner filed a reply on

September 28, 2018.  ECF No. 36.

The matter was referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and Northern District of Florida Local Rule 72.2 (B).  After careful consideration of all the issues raised, the undersigned has determined that no evidentiary hearing is required for disposition of this matter.  *See* Rule 8 (a), R. Gov. § 2254 Cases in U.S. Dist. Cts.  For the reasons stated herein, the pleadings and attachments before the Court show the petition should be denied.

## Background and Procedural History

By Fourth Amended Information, filed October 7, 2011, the State of Florida charged Petitioner Marcus Tyrone Broadnax with seven counts in connection with events that occurred between June 26, 2010, and December 6, 2010:  (1) robbery while armed with a firearm and wearing a mask, a first degree felony punishable by up to life in prison, in violation of sections 812.13(2)(a), 775.0845, and 775.087(2), Florida Statutes; (2) possession of a firearm by a convicted felon, a second degree felony, in violation of section 790.23(1)(a) and 775.087(2), Florida Statutes; (3) aggravated assault by threat with a firearm (victim Kenneth Robert Gay, Jr.), a third degree felony, in violation of sections 784.021(1)(a) and

775.087(2), Florida Statutes; (4) aggravated assault by threat with a firearm (victim Delight Shalinda McCloud), a third degree felony, in violation of sections 784.021(1)(a) and 775.087(2), Florida Statutes; (5) tampering with a witness, victim, or informant, a first degree felony punishable by up to life in prison, in violation of section 914.22(1) and (2)(d), Florida Statutes; (6) solicitation to commit perjury, a third degree felony, in violation of sections 777.04(2) and (4), and 837.02, Florida Statutes; and (7) introducing contraband articles into a county detention facility, a third degree felony, in violation of section 951.22, Florida Statutes.  Ex. A at 7-8.[1]  Counts 1 through 4 occurred on or about June 26, 2010, in connection with the robbery of a convenience store in Escambia County.  *Id.*  Counts 5 through 7 occurred between June 26, 2010, and December 6, 2010.  *Id.*  The first four counts were severed and tried separately in late June and early July of 2011; the remaining three counts were tried in November 2011.  *See* Ex. G at 81-84, 91; Ex. A at 295.

---

[1]Hereinafter, all citations to the state court record, "Ex. –," refer to exhibits submitted with Respondent's answer, ECF No. 27.

In the first trial, on July 1, 2011, the jury found Broadnax guilty on Count 1, making specific findings that he actually carried a firearm and wore a hood, mask, or other device to conceal his identity; guilty on Count 3, making a specific finding that he actually possessed a firearm; and guilty of a lesser included offense of improper exhibition of a weapon on Count 4. Ex. G at 76-77. On August 22, 2011, the State announced a *nolle prosequi* as to Count 2. *See id*. at 98. On August 30, 2011, the court sentenced Broadnax, as a prison releasee reoffender (PRR), to life in prison without parole on Count 1; five (5) years in prison on Count 3, to run concurrent with the sentence on Count 1; and time served on Count 4. *Id*. at 91-98.

In the second case, a jury ultimately found Broadnax guilty of Counts 6 and 7. Ex. A at 295. The trial court granted a judgment of acquittal on Count 5. Ex. B at 200 (ECF No. 17-2 at 839). On November 15, 2011, the court sentenced Broadnax to concurrent terms of 40.425 months on each count, to run concurrently with each other and consecutive to any other active sentences. Ex. A at 317-23.

After the sentencing in the second case, Broadnax filed a direct appeal in the First District Court of Appeal (First DCA), assigned case

number 1D11-6468.  He was granted a belated appeal in the first case,

assigned case number 1D12-1012.  On February 11, 2013, the First DCA

per curiam affirmed both cases without written opinions.  Exs. F (1D11-

6468), K (1D12-1012).

On February 27, 2014, Petitioner filed a motion for post-conviction

relief pursuant to Florida Rule of Criminal Procedure 3.850. Ex. L at 1-9.

Petitioner amended the motion several times and submitted the final

version on February 5, 2015.  *Id.* at 46-65.  The state trial court denied the

motions for post-conviction relief by order rendered February 27, 2015.  *Id.*

at 67-74.  The court found several of the claims facially insufficient and

dismissed others as having been available for review on direct appeal.  *Id.*

Broadnax appealed the denial of post-conviction relief to the First

DCA, assigned case number 1D15-1602.  The First DCA ultimately

dismissed the appeal on May 15, 2015, as explained in this Court's earlier

Report and Recommendation.  Ex. O; *see* ECF No. 25.

On July 28, 2015, Broadnax filed a Petition for Writ of Habeas Corpus

in the state trial court.  Ex. P at 1-27.  The petition raised several claims of

newly discovered evidence.  *Id.*  By order rendered November 20, 2015,

the state trial court denied the petition. *Id*. at 28-29. The court explained

that Broadnax "is challenging the merits of his convictions" and thus "his

claims are properly raised via Rule 3.850, Florida Rules of Criminal

Procedure, not by petition for writ of habeas corpus." *Id*. at 28. The court

found the claims untimely and successive "and in many cases repetitive of

claims already addressed by the court." *Id*. at 29. The court explained that

"[a]lthough he presents one claim of newly discovered evidence . . . , the

Court previously addressed this claim on the merits . . . [and Broadnax] has

not demonstrated any reason why the instant claims could not have been

raised in his previously filed, timely motion for postconviction relief." *Id*.

Broadnax appealed, assigned case number 1D15-5835, and the First DCA

per curiam affirmed the decision without a written opinion on September

20, 2016. Ex. S. Broadnax filed a Motion for Rehearing and Motion for

Clarification, which the First DCA denied on December 19, 2016. *Id*. at 1-7.

The First DCA issued a mandate on January 4, 2017, following the Florida

Supreme Court's refusal to Invoke Discretionary Jurisdiction. *Id.* at 8-11.

As indicated above, Broadnax filed a petition for writ of habeas

corpus in this Court on February 1, 2017.  ECF No. 1.  In his petition, he

raises eight grounds:

> (1)  "Fabricated arrest report (no probable cause)."  *Id*. at 5.
>
> (2)  Ineffective Assistance of Appellate Counsel – Counsel did
> not raise "the fabricated arrest report claim after he knew that
> . . . trial counsel failed to do so."  *Id*. at 9.
>
> (3)  Ineffective Assistance of Appellate Counsel – "Jury
> misconduct was not objected to at trial."  *Id*. at 11.
>
> (4)  Ineffective Assistance of Appellate Counsel – Counsel did
> not challenge on appeal the trial judge's erroneous ruling "when
> he failed to strike or grant a mistrial after a prospective juror
> stated she recognized/knew the Petitioner from her job as a
> nurse at the county jail in front of the whole jury pool."  *Id*. at 14.
>
> (5)  Ineffective Assistance of Appellate Counsel – Counsel did
> not challenge on appeal trial judge's ruling on Broadnax's
> "Motion to Dismiss the State Notice of Intent to Seek Prison
> Releasee Reoffender Act," where judge granted motion "but the
> ruling was reserved until after trial 'if found guilty.'"  *Id*. at 17.
>
> (6)  Newly Discovered Evidence – "New Evidence was
> discovered that Petitioner was mentally incapable to stand trial
> due to his psychiatric diagnosis of Bi-Polar, Psychotic features,
> suicidal behavior, hallucinations, antisocial personality disorder,
> and depression."  *Id*. at 19.
>
> (7)  Ineffective Assistance of Counsel – Trial counsel did not
> properly investigate the State's witness, Demarion Jones.  *Id*. at
> 21.

(8)  Newly Discovered Evidence – "Newly Discovered Witness (Kevin D. Owens) has brought forth very important and vital information that if discovered before trial would have had big effect on the outcome of the trial and essentially the verdict due to the caliber of the facts in the Sworn Affidavit of the New Witness," indicating Broadnax's co-defendant "was solicited by his attorney and the State Attorney to essentially give false testimony under Oath." *Id*. at 23.

Respondent answers that the § 2254 petition should be dismissed for failure to exhaust the available state court remedies for each claim or, alternatively, denied on the merits.  ECF No. 27.  Broadnax has filed a reply.  ECF No. 36.

## <u>Analysis</u>

Pursuant to 28 U.S.C. § 2254, as amended by the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), federal courts may grant habeas corpus relief for persons in state custody.  Section 2254(d) provides, in pertinent part:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as

determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).  *See, e.g.,* <u>Cullen v. Pinholster</u>, 563 U.S. 170, 180-83

(2011); <u>Gill v. Mecusker</u>, 633 F.3d 1272, 1287-88 (11th Cir. 2011).  "This is

a 'difficult to meet' and 'highly deferential standard for evaluating state-

court rulings, which demands that state-court decisions be given the benefit

of the doubt.'"  <u>Cullen</u>, 563 U.S. at 181 (quoting <u>Harrington v. Richter</u>, 562

U.S. 86, 102 (2011), and <u>Woodford v. Visciotti</u>, 537 U.S. 19, 24 (2002)).

This Court's review "is limited to the record that was before the state court

that adjudicated the claim on the merits."  *Id*.

For IAC claims, the U.S. Supreme Court has adopted a two-part test:

First, the defendant must show that counsel's performance was deficient.  This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.  Second, the defendant must show that the deficient performance prejudiced the defense.  This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

Strickland v. Washington, 466 U.S. 668, 687 (1984).  To demonstrate

ineffectiveness, a "defendant must show that counsel's performance fell

below an objective standard of reasonableness."  *Id.* at 688.  To

demonstrate prejudice, a defendant "must show that there is a reasonable

probability that, but for counsel's unprofessional errors, the result of the

proceeding would have been different."  *Id.* at 694.  "A reasonable

probability is a probability sufficient to undermine confidence in the

outcome."  *Id.*  For this Court's purposes, importantly, "[t]he question 'is not

whether a federal court believes the state court's determination' under the

Strickland standard 'was incorrect but whether that determination was

unreasonable – a substantially higher threshold.'"  Knowles v. Mirzayance,

556 U.S. 111, 123 (2009) (quoting Schriro v. Landrigan, 550 U.S. 465, 473

(2007)).  "And, because the Strickland standard is a general standard, a

state court has even more latitude to reasonably determine that a

defendant has not satisfied that standard."  *Id.*  It is a "doubly deferential

judicial review that applies to a Strickland claim evaluated under the

§ 2254(d)(1) standard."  *Id.*

### Ground 1:  Fabricated Arrest Report

In his first ground, Broadnax asserts the "initial/original

arrest/probable cause report was fabricated to have reason to detain

Petitioner," and if the report had not been fabricated, he would not have

been arrested.  ECF No. 1 at 5.  In particular, Broadnax asserts:

> [T]he arrest/probable cause report was completely fabricated to
> state the following:  That the Petitioner was apprehended and
> taken to the scene of the crime where he was positively
> identified by the victim Kenneth Gay.  Which was the exact
> opposite of what happen and the record will reflect this claim,
> thus showing the fundamental error of the miscarriage of
> Justice and the injustice of the law enforcement, which
> ultimately altered the case in a whole, and without the vital
> fabricated information given/allowed, [t]he Petitioner would not
> have been held after the preliminary hearing . . . .

*Id*. at 6.  Broadnax raised this claim in his "State Petition for Writ of Habeas

Corpus" filed in the state trial court.  Ex. P at 4-5.

Respondent argues the ground is procedurally barred.  ECF No. 27 at

11.  Respondent further argues the ground lacks merit.  *Id*. at 12.

Broadnax has filed a reply.  ECF No. 36.  He indicates, among other

things, he attempted to raise this ground in his direct appeal "but was

advised not to although it was clearly a fundamental error."  *Id*. at 5.  He

further states "if not misadvised [he] would have filed such ground on his

3.850 instead of waiting until he reached this habeas level as told by his

appellate counsel."  *Id*.  He also asserts, on the merits, that "without such

evidence a guilty verdict would have been that much more harder to

conclude and at the very least may have resulted in a hung jury or mistrial."

*Id*.

Assuming, for the sake of analysis, that Broadnax properly exhausted this ground, it lacks merit. As Respondent indicates, the arrest report notes that, in addition to the identification of Broadnax by Mr. Gay, Demarion Jones identified Broadnax as his co-perpetrator. Ex. A at 10-11. Similarly, the report also indicates Shonterdra Dennis, Broadnax's cousin, identified Broadnax as involved in the robbery. *Id.* Both Jones and Dennis testified at trial and identified Broadnax as involved in the robbery. Ex. B at 229-35 (Dennis), 400-08 (Jones). Mr. Gay, the store clerk, also testified at trial and identified Broadnax by voice. *Id*. at 127. Thus, even if erroneous, the arrest has no bearing on guilt or innocence and is not sufficient to defeat prosecution where, as here, sufficient evidence exists independent of the arrest. *See, e.g.*, Darby v. State, 502 So. 2d 1358, 1359 (Fla. 5th DCA 1987) ("The validity of a given arrest has no bearing on the guilt or innocence of an accused and is not necessary to the jurisdiction of a court in a criminal case. The invalidity of a given arrest, even if establishable, may not suffice to defeat a prosecution where there is sufficient evidence of the offense independent of the arrest."). This ground should be denied.

### Ground 2: Ineffective Assistance of Appellate Counsel – Arrest Report

In his second ground, Broadnax argues his appellate counsel provided ineffective assistance by not raising the police report issue, set

forth in Ground 1, *supra*, as a point in the direct appeal. ECF No. 1 at 9.

Respondent answers that Broadnax did not exhaust this ground and, in any

event, the ground lacks merit. ECF No. 27 at 12-13. Broadnax replies that

he did exhaust the ground by raising it in a Rule 3.850 motion. ECF No. 36

at 6.

"An ineffective assistance of appellate counsel claim is governed by

the familiar two-part performance-and-prejudice standard set forth in

Strickland v. Washington." Clark v. Crosby, 335 F.3d 1303, 1310 (11th Cir.

2003). Appellate counsel is not deficient for failing to raise a meritless

claim. *See, e.g.*, Freeman v. Att'y Gen., 536 F.3d 1225, 1233 (11th Cir.

2008).

Therefore, because Ground 1 lacks merit, as explained in the

analysis thereof, *supra*, Broadnax's appellate counsel cannot be found

ineffective for not raising the argument on appeal. This ground should be

denied.

### <u>Ground 3</u>: Ineffective Assistance of Appellate Counsel – Jury Misconduct

In his third ground, Broadnax argues his appellate counsel provided

ineffective assistance by not raising a point on appeal concerning "[j]ury

misconduct [that] was not objected to at trial." ECF No. 1 at 11. In

particular, Broadnax asserts that a juror entered the courtroom at a time

when the jury was supposed to be out of the courtroom, and his trial counsel was ineffective by not objecting. *Id*. at 11-12.

Respondent answers that Broadnax did not exhaust this ground. ECF No. 27 at 13. Respondent further asserts that, if the merits are considered, the ground should be denied because the record indicates the juror did not hear or see anything the juror would not have otherwise learned. *Id*. at 13-15.

Broadnax replies that he did exhaust the ground by raising it in a Rule 3.850 motion. ECF No. 36 at 7. Broadnax argues it is not clear from the record how long the juror was in the courtroom before the juror was noticed and, as a result, the juror may have heard something regarding the admissibility of a letter "supposedly written" by Broadnax, ultimately tainting that juror's verdict. *Id*.

Broadnax did raise, in a Rule 3.850 motion, an issue concerning ineffective assistance of trial counsel for not requesting a mistrial. The state post-conviction court denied relief, making the following findings:

> **"Ground Three:" counsel's failure to request a mistrial**
>
> Defendant refers to a portion of the record which reflects that a juror walked into the courtroom during a discussion that was intended to be held outside the presence of the jury. Defendant claims that this "tainted the juror's verdict."

To be entitled to relief based on a claim of ineffective assistance of trial counsel, a defendant must establish that counsel performed below an objective standard of reasonableness and that, but for counsel's deficiency, a reasonable probability exists that the outcome of the trial would have been different.  *See* Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052 (1984).  A reasonable probability is "a probability *sufficient to undermine confidence in the outcome*." Strickland, 466 U.S. at 694 (emphasis supplied).

The record reflects that a juror walked into the courtroom only very briefly before being removed by court security. [footnote omitted, citing to trial transcript excerpts, pp. 340-344] Moreover, when the juror walked in, the attorneys were arguing the admissibility of a letter written by Defendant that was ultimately admitted into evidence.  Therefore, the juror did not hear or see anything that she would not have otherwise learned.  Clearly a mistrial was not warranted and consequently defense counsel was not deficient for failing to request a mistrial.

Ex. L at 70-71.  The record supports these findings.  Ex. B at 330-45 (juror is noticed by defense counsel at page 341 and the prosecutor states, "She just walked in her and court security got to her.").

Broadnax has not shown that the state court's rejection of this ground involved an unreasonable application of clearly established federal law or that it was based on an unreasonable determination of the facts.  *See* 28 U.S.C. § 2254(d)(1)-(2).  This ground should be denied.

**Ground 4**:  **Ineffective Assistance of**
**Appellate Counsel – Denial of Mistrial**

In his fourth ground, Broadnax argues his appellate counsel provided ineffective assistance for not raising a point on appeal concerning the trial judge's ruling "when he failed to strike or grant a mistrial after a prospective juror stated that she recognized/knew [Broadnax] from her job as a nurse at the county jail" and the juror made this statement "in front of the whole jury pool."  ECF No. 1 at 14.  Respondent answers that Broadnax did not exhaust this ground and, in any event, the claim is frivolous as his appellate counsel did raise this as a point on appeal.  ECF No. 27 at 15.  Broadnax replies that his appellate counsel was ineffective "when he handled the way he presented this claim" and he "should have argued that a mistrial should have been raised as well as . . . ineffective assistance of trial counsel." ECF No. 36 at 9.

As Respondent indicates, Broadnax's appellate counsel did raise this as a point in the direct appeal.  *See* Ex. H at i, 11-13 (Initial Brief in 1D12-1012); *see also* Ex. J at 2-3 (Reply Brief in 1D12-1012).  Accordingly, appellate counsel did not provide ineffective assistance as alleged and this ground should be denied.

## Ground 5:  Ineffective Assistance of
## Appellate Counsel – PRR Sentencing

In his fifth ground, Broadnax asserts his appellate counsel provided

ineffective assistance by not raising a point on appeal concerning the trial

court's ruling on a defense motion to dismiss the State's notice of intent to

sentence him as a PRR.  ECF No. 1 at 17.  Respondent answers that this

ground is not exhausted and, if considered, lacks merit.  ECF No. 27 at 15-

17.  Broadnax replies that he presented this claim in a Rule 3.850 motion

"although it wasn't argued in the identical manner as it is here."  ECF No.

36 at 9.

Assuming Broadnax intends to present here the claim he raised in

state court, a review of the record reveals that he raised the following claim

as the seventh ground in his Rule 3.850 motion:

> GROUND SEVEN:  **Erroneous Ruling (By Trial Judge)**
>
> SUPPORTING FACTS:  The Defendant filed a Motion to
> Dismiss the State's Notice of Intent to Seek Prison Releasee
> Reoffender (P.R.R.), on 10/25/2010.  On 10/29/2010,
> Defendant's Motion was granted, but ruling was reserved until
> after trial if found guilty.  The Defendant asserts that this was an
> erroneous ruling because the merits of the Motion were merits
> which should have been addressed before trial due to the fact
> that the motion was to dismiss the State's Notice of **"INTENT"**
> to seek P.R.R. thus, violating Defendant's Due Process.

Ex. L at 14.  The state post-conviction trial court denied this claim, along

with six others, explaining:

Fla. R. Crim. P. 3.850(c) states in pertinent part: "[t]his rule does not authorize relief based on grounds that could have or should have been raised at trial and, if properly preserved, on direct appeal of the judgment and sentence." Additionally:

> A claim of trial court error generally can be raised on direct appeal but not in a rule 3.850 motion, and a claim of ineffectiveness generally can be raised in a rule 3.850 motion but not on direct appeal. A defendant thus has little choice: As a rule, he or she can only raise an ineffectiveness claim via a rule 3.850 motion, even if the same underlying facts also supported, or could have supported, a claim of error on direct appeal.
>
> Williams v. State, 24 So. 3d 729, 731 (Fla. 3d DCA 2009), quoting Bruno v. State, 807 So. 2d 55, 63 (Fla. 2001) (construing Strickland v. Washington, 466 U.S. 668 (1984)). These claims could have been raised on direct appeal, and accordingly they are not cognizable pursuant to rule 3.850.

Id. at 69-70. The First DCA dismissed Broadnax's appeal of the order denying post-conviction relief. Ex. O.

The state post-conviction trial court found the claim not cognizable in a Rule 3.850 proceeding. This finding constitutes an independent and adequate state ground that precludes federal habeas consideration of the issue. See, e.g., LeCroy v. Sec'y, Fla. Dep't of Corr., 421 F.3d 1237, 1260 (11th Cir. 2005); Whiddon v. Dugger, 894 F.2d 1266, 1267-68 (11th Cir. 1990).

Moreover, as Respondent explains, in July 2010, the State filed a Notice of Defendant's Qualification as a Prison Releasee Reoffender and

Required Sentencing Pursuant to F.S. 775.082.  Ex. A at 17; *see id*. at 23-25.  At a hearing the following month, Broadnax indicated he wanted to represent himself.  *Id*. at 25.  While representing himself, he filed a "Motion to Dismiss State's Notice of Intent to Seek the Prison Releasee Reoffender Pursuant to 775.082 Fla. Stat.," in which he asserted that "extenuating circumstances exist which preclude the just prosecution of the Defendant," including no physical evidence, a fabricated police report resulting in an unjust arrest, and the statute is facially unconstitutional.  *Id*. at 49-50.  On a copy of the motion, the judge wrote "10/29/2010 Reserve juris. to rule if convicted."  *Id*. at 51.  After Broadnax was convicted, at sentencing on August 30, 2011, the judge considered evidence regarding Broadnax's PRR status and found that he qualified.  *Id*. at 228-39.  Defense counsel then reminded the judge of the motion to dismiss Broadnax had filed while representing himself and requested the judge rule on that motion.  *Id*. at 239-40.  The judge reviewed the motion and denied it, explaining the jury had found him guilty as charged.  *Id*. at 240-41.

Based on the foregoing, Broadnax has not shown that the state court's rejection of this ground involved an unreasonable application of clearly established federal law or that it was based on an unreasonable

determination of the facts.  *See* 28 U.S.C. § 2254(d)(1)-(2).  This ground should be denied.

### **Ground 6**:  Newly Discovered Evidence – Mental Status

In his sixth ground, Broadnax asserts he has newly discovered evidence that he was "mentally incapable to stand trial due to his psychiatric diagnosis of Bi-Polar, Psychotic features, suicidal behavior, hallucinations, antisocial personality disorder, and depression."  ECF No. 1 at 19.  Respondent answers that this claim is unexhausted and facially meritless.  ECF No. 27 at 17-18.  Broadnax replies that he did not have time to exhaust this claim in state court.  ECF No. 36 at 10.

This ground in unexhausted as it was not raised in the state court. Although Broadnax asserts he did not have time to file the claim in state court, Florida Rule of Criminal Procedure 3.850(b)(1) allows a post-conviction motion to be filed if "the facts on which the claim is predicated were unknown to the movant or the movant's attorney and could not have been ascertained by the exercise of due diligence, and the claim is made within 2 years of the time the new facts were or could have been discovered with the exercise of due diligence."  Accordingly, this ground should be denied.  *See* O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999)

("Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court.").

### Ground 7:  Ineffective Assistance of Counsel – Investigation of State Witness

In his seventh ground, Broadnax asserts his trial counsel provided ineffective assistance by not properly investigating Demarion Jones, a witness for the State.  ECF No. 1 at 21.  Respondent answers this ground is not exhausted, is procedurally barred, and lacks merit.  ECF No. 27 at 18-19.  Broadnax replies that he raised this ground in a Rule 3.850 motion "although not identically (see impeachment 3.850 grounds on Mr. Jones)." ECF No. 36 at 11.

A review of the Rule 3.850 motion filed by Broadnax reflects two grounds concerning Demarion Jones.  *See* Ex. L at 38-39.  In particular, in the first ground, Broadnax asserted "newly discovered evidence" in the form of a letter written by Jones before Broadnax's first trial, in which Jones stated Broadnax was not involved in the robbery.  *Id*. at 38.  In addition, in the fourth ground, Broadnax alleged ineffective assistance of counsel for failure to impeach Jones with inconsistent statements.  *Id*. at 39.  The state post-conviction trial court denied the latter ground, along with two others, explaining "Defendant does not allege how he was prejudiced by the statements, lack of impeachment or argument whatsoever" and, further,

"Defendant was twice granted leave to file an amended motion, and therefore, these claims are properly denied as facially insufficient."  Ex. L at 71.  The court also denied the first ground, explaining:

> Defendant claims that his co-defendant, DeMarion Jones, wrote a letter to this Court before Defendant's first trial, in which he stated that Defendant was not involved in the robbery. Defendant contends that the letter was stamped "unread" and copies were provided to the State Attorney and the Office of Regional Conflict Counsel, but not to Defendant's attorney. Accordingly, Defendant now alleges that the letter should be considered newly discovered evidence because it could have been discovered before trial.

> A successful claim of newly discovered evidence must meet two requirements:  1) the asserted facts must have been unknown at the time of trial and it must appear that the defendant or counsel could not have known them by the use of due diligence; and 2) the newly discovered evidence must be of such nature that it would probably produce an acquittal on retrial.  *See* Jones v. State, 709 So. 2d 512, 521 (Fla. 1998). The trial court is required to "consider all newly discovered evidence which would be admissible" at trial and then evaluate the "weight of both the newly discovered evidence and the evidence which was introduced at the trial."  *Id.*

> Co-defendant DeMarion Jones testified at Defendant's trial that he had stated in his deposition Defendant was not involved in the robbery only because of threats made to Mr. Jones's family.  [footnote omitted citing trial transcript at pp. 400-431]  Mr. Jones further testified that he had decided to tell the truth at trial:  Defendant had participated in the robbery.  Mr. Jones was cross-examined on his inconsistent statements at length.

> Even if Mr. Jones had written a letter before trial stating that Defendant was innocent and it was presented as evidence at trial, it would not have changed the outcome of the

> proceedings.  The fact that Mr. Jones had made a previous statement that Defendant was not involved in the robbery was clearly before the jury.  Defendant is not entitled to relief on this claim.

*Id*. at 68-69.  The record supports the state court's findings.  *See* Ex. B at 400-31 (transcript of trial testimony of Jones).

Based on the foregoing, Broadnax has not shown that the state court's rejection of this ground involved an unreasonable application of clearly established federal law or that it was based on an unreasonable determination of the facts.  *See* 28 U.S.C. § 2254(d)(1)-(2).  This ground should be denied.

### Ground 8:  Newly Discovered Evidence – Affidavit of Kevin D. Owens

In his eighth ground, Broadnax asserts he has newly discovered evidence from Kevin D. Owens which "if discovered before trial would have had big effect on the outcome of the trial and essentially the verdict due to the caliber of the facts in the Sworn Affidavit of the New Witness," indicating Broadnax's co-defendant "was solicitated by his attorney and the State Attorney to essentially give false testimony under Oath."  ECF No. 1 at 23.  Broadnax includes a purported affidavit from Mr. Owens.  *Id*. at 25-26.

Respondent answers that this ground is not exhausted and, even if exhausted, it lacks merit.  ECF No. 27 at 20-21.  Broadnax replies that he did raise this claim in state court and it "was ultimately put on hold (stayed) until the completion of Petitioner's state writ of habeas corpus" and upon completion thereof, his motion was dismissed with the opportunity "to refile it with a notary public to notarize it."  ECF No. 36 at 12.  Broadnax indicates he did this; however, "upon return of the notarized affidavit January 30th, 2017 left [him] with a 2 day window . . . [before the] deadline to file [his] 2254 petition."  *Id*. at 13.

The "affidavit" of Kevin Donnell Owens, provided by Broadnax with his § 2254 petition, is not notarized.  *See* ECF No. 1 at 25-26.  Moreover, no dates are included in the affidavit so it cannot be determined whether it is "newly discovered."  *See id*.

In the affidavit, Owens explains that, essentially, Demarion Jones told him his conflict counsel wanted him to testify that Broadnax was involved in the robbery so that Jones could receive a "better deal" from the State in his own case.  *Id*. at 25.  Owens indicates that he told Jones "that is not the truth and you know [it]," and Jones then said "I know" and that he was not going to do it; after "some days passed," Jones was transferred to another jail.  *Id*. at 26.

This alleged "newly discovered evidence" appears at best to constitute impeachment material.  Moreover, as Respondent explains, defense counsel cross-examined Jones at trial on this issue:

Q.  Mr. Jones, isn't it true that on April 21st of this year, you entered a plea straight up to Judge Rasmussen to a count of principal of robbery with firearm wearing a mask, isn't that true?

A.  Yes.

Q.  And isn't it also true that offense is a first degree felony punishable by life?

A.  Yes.

Q.  You also entered a plea to principal to aggravated assault with a firearm, isn't that true?

A.  Yes.

Q.  All right.  And that offense is a third degree felony punishable by a maximum of five years in the state prison, isn't that correct?

A.  I believe so.

Q.  All right.  And you also entered a plea to another count of principal to aggravated assault with a firearm, another third degree felony punishable with five years in the state prison, isn't that correct?

A.  Yes.

Q.  All right.  You did that in hopes to get some sort of leniency as far as the sentence is concerned, isn't that correct?

A.  No.

Q.  That is not correct?

A.  No.

Q.  All right.  Now, on May 6th of this year about two and half weeks after you entered that plea, you were deposed at Santa Rosa County Jail, isn't that correct?

A.  Excuse me?

Q.  I took your deposition at the Santa Rosa County Jail, isn't that correct?

A.  Yes.

Q.  Ms. Shea was there, isn't that correct?  Your attorney as there, too, isn't that correct?

A.  Yes.

Q.  And in that deposition Ms. Shea swore you in to tell the truth, the whole truth and nothing but the truth, isn't that correct?

A.  Yes.

Q.  All right.  And during that deposition I specifically asked you the question, "Was Marcus in the store with you on this occasion?"  Do you remember me asking you that question?

A.  Yes.

Q.  Your answer was no.  Do you remember giving me that answer?

A.  Yes.

Q.  I also asked you if Marcus knew anything about this.  Do you remember me asking you that question?

A.  Yes.

Q.  Your answer was no.  Do you remember that response?

A.  (Witness nodded head.)

Q.  In addition to that, I asked you if you had received any messages from Marcus Broadnax.  Do you remember me asking you that question?

A.  Yes.

Q.  Okay.  And you remember telling me no?

A.  Yes.

Q.  Now, you have not been sentenced in this case yet, have you?

A.  No.
Q.  As Ms. Shea pointed out, you told us a totally different story –

A.  Yes.

Q.  -- during the deposition, isn't that right?

A.  Yes.

Q.  All right.  And now you're saying that – you're changing your plea – I'm sorry – this statement because you found out that somebody was threatened, is that right?  Someone in your family was threatened?

A.  Yes.

Q.  Now, Wednesday morning Ms. Shea came to visit you, didn't she?

A.  Wednesday?  Yes.

Q. Wednesday morning, isn't that right?

A. Yes.

Q. All right. And she talked to you about the testimony you gave in your deposition, isn't that right?

A. Yes.

Q. All right. She told you that she is not going to be able to help you with the story that you gave, isn't that right?

A. Yes.

. . . .

Q. Now, she told you that if you testified truthfully and essentially assisted her in this matter, during your sentencing she would ask the judge to be lenient; is that true?
A. No.

Q. That's not true? She didn't mention anything to you about mitigating the sentence as far as this testimony is concerned?

A. Who?

Q. Mitigating. Essentially, lessening the severity of the sentence?

A. No.

Q. None of that was mentioned?

A. No.

Q. She mentioned to you about how you have friends and family who care about you, didn't she?

A. Yes.

Q.  All right.  Today you're coming in here and saying you're changing your testimony because somebody was threatened?

A.  Yes.

Q.  Now, have you ever been convicted of a crime of dishonesty?

A.  You have to be more specific.

Q.  Have you ever been convicted of petit theft?

A.  Yes.

Q.  So now what you're telling us is that everything – you're saying that you told us in that sworn deposition is not true?

A  Not everything.

Ex. B at 408-14.

Based on the foregoing, even assuming this ground has been exhausted, Broadnax has not shown that any rejection by the state court of this "newly discovered evidence" involved an unreasonable application of clearly established federal law or that it was based on an unreasonable determination of the facts.  *See* 28 U.S.C. § 2254(d)(1)-(2).  This ground should be denied.

## Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a

certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." Rule 11(b) provides that a timely notice of appeal must still be filed, even if the court issues a certificate of appealability.

Petitioner fails to make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 472, 483-84 (2000) (explaining substantial showing) (citation omitted). Therefore, the Court should deny a certificate of appealability.

The second sentence of Rule 11(a) provides that "[b]efore entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." The parties shall make any argument as to whether a certificate should issue by objections this Report and Recommendation.

Leave to appeal in forma pauperis should also be denied. *See* Fed. R. App. P. 24(a)(3)(A) (providing that before or after notice of appeal is filed, the court may certify appeal is not in good faith or party is not otherwise entitled to appeal in forma pauperis).

## RECOMMENDATION

It is therefore respectfully **RECOMMENDED** that the Court **DENY** the

§ 2254 petition (ECF No. 1).  It is further **RECOMMENDED** that a certificate

of appealability be **DENIED** and that leave to appeal in forma pauperis be

**DENIED**.

**IN CHAMBERS** at Tallahassee, Florida, on November 7, 2018.

S/ Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2).  A copy of the objections shall be served upon all other parties.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b)(2).  Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a Report and Recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  See 11th Cir. R. 3-1; 28 U.S.C. § 636.**